19488. Strouse *et al. v.* Barron.

Wyatt, Presiding Justice. Mrs. Sara Lee Barron filed her application for writ of habeas corpus against Harland R. Strouse and Mrs. Lois L. Strouse, seeking to obtain custody of a minor child of which she is the mother, and alleging that the said child is being illegally detained from her. The respondents filed their response, in which they admitted that the child is the child of the applicant, but denied that the child was being illegally detained, and further alleged that the respondents were entitled to the custody of the said child. The applicant filed a general demurrer to the response, which was duly sustained and an order was entered returning custody of the child to the applicant. The respondents excepted to the judgment sustaining the general demurrer to their response and awarding custody of the child to the applicant, and assign the same as error. *Held:*

1. In the instant case, the response of the plaintiffs in error shows that the petitioner is the mother of the minor child in question, who had left the child in the care of the plaintiffs in error, so that she could work and earn a living. The response further shows that the mother visited and contacted the child for a while after she left it with the respondents, but that for a period of about two years she had not contacted the child or provided it with any necessaries. The response, however, alleges that the father of the child is living near the home of the respondents, and that

the mother of the child has been in a distant State. It is the duty of the father and not the mother to provide necessaries for a minor child. Code § 74-105. The response, therefore, shows affirmatively that the mother has not lost her right to the custody and control of her child in any way recognized by law, and that she is the person legally entitled to the sole custody and control of this child. It was, therefore, not error to sustain the general demurrer to the response.

2. Since, as held above, the response to the petition for habeas corpus failed to set out any grounds for the denial of the writ, it was not error to grant the writ and return custody of the child to the petitioner.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Head., J., who dissent.*

ARGUED OCTOBER 9, 1956—DECIDED DECEMBER 5, 1956—REHEARING
DENIED DECEMBER 18, 1956.

*McDougald, Feagin & Williams, John E. Feagin, A. Tate Conyers,* for plaintiff in error.
*Walter E. Baker, Jr.,* contra.